## CAMP et al. MAVERICK COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. I.

### No. 10077.

Court of Civil Appeals of Texas.
San Antonio.

June 16, 1937.

Rehearing Denied July 21, 1937.

Eskridge & Groce, Rice & Rice, and' Walter Groce, all of San Antonio, for plaintiffs in error.

Van Haile McFarland and Ben V. King, both of Eagle Pass, for defendant in error.

MURRAY, Justice.

John F. Camp instituted this suit against Maverick County Water Control and Improvement District No. 1 to recover a commission of $10,000, for procuring a purchaser for a bond of the par value of $1,000,000. L. W. Baldwin intervened, alleging that John F. Camp had executed and delivered to him an agreement transferring and assigning to him Camp's right in all moneys to become due said Camp by the improvement district, to the extent of $15,000.

In February, 1928, the improvement district employed Camp as the sole and exclusive agent to negotiate the sale of its bonds of the par value of $4,800,000. On December 10, 1929, Camp procured a proposal from Donald O'Neill, the representative of Ulen & Co., in which O'Neill proposed to purchase $4,000,000 of the improvement district bonds, setting out the terms of such purchase, and ·providing therein that the improvement district should not sell the remaining $800,000 of bonds theretofore authorized and a later issue of bonds authorized in the sum of $1,800,000 prior to January 1, 1932, without his consent, and that he should have the right to negotiate a sale of all or any part of the remaining $800,000 of bonds, and the additional issue of $1,800,000 of bonds authorized to be issued, under the same terms and conditions as set out for the purchase of the $4,000,000 of bonds; which bid was accepted by the district.

In April, 1930, Camp entered into an agreement with the district whereby it was agreed that Camp should be paid a commission of 1 per cent. upon the sale of any part of the bonds aggregating $2,600,000 theretofore authorized and under option to Ulen & Co., in the event such bonds were purchased by Ulen & Co., or sold under such option, or if sale was made by the said Camp, upon the same terms within thirty days after expiration of the option to Ulen & Co.

It was further agreed that the sum of $7,500 be paid to Camp in full settlement of all services theretofore rendered by him, either as fiscal agent or in connection with the negotiation of a contract with Central Power & Light Company.

On December 4, 1931, Ulen & Co. purchased an additional $1,000,000 of the bonds, and .Camp demanded a commission of $10,000 on this sale.

The trial court submitted one issue to the jury, and in answer to this issue the jury found that Ulen & Co. waived their option on the bonds on October 24, 1931; on which verdict the trial court rendered judgment in favor of Maverick County Water Control and Improvement District No. 1. John F. Camp and L. W. Baldwin have prosecuted this appeal by means of a writ of error.

The question here presented is whether or not Baldwin, as assignee of Camp, could recover the 1 per cent. commission on the $1,000,000 of bonds sold, in view of the· fact that the bonds were not in fact sold under the option.

The record shows that the bonds were sold at the price agreed upon in the option, but stipulations were entered into making the sale·more onerous upon the

district than had the bonds been sold under the option. It is clear that Camp had been paid in full and had no further claim against the water improvement district, unless the bonds were sold under the option. The jury found, upon competent evidence, that the option had been waived before the sale of the bonds, and this finding of the jury is not attacked in any way by plaintiffs in error. Neither is it contended that there was fraud or collusion between Ulen & Co. and the district. Therefore, the trial court properly denied Baldwin, Camp's assignee, any recovery.

Accordingly, the judgment will be affirmed.